HARVEY COLE v. MARON SEELEY AND WIFE.

*Husband and Wife.   Infant—liable for necessaries.*

If a wife, *dum sola*, was liable for the debt, the husband is equally liable, during coverture, whether infant or adult; and if the account is for necessaries furnished for the wife, while an infant. she would be clearly liable *dum sola*, and the husband equally liable, during coverture, without regard to his own infancy.

A suit against the husband and wife, for the debt of the wife contracted *dum sola*, is like any other joint suit, and must be against both, unless one or the other has abjured the realm, and thus become, as to this jurisdiction, *civiliter mortuus;* and a *non est inventus* return of the officer is held, in our practice, equivalent to the common law outlawry.

BOOK ACCOUNT. The suit was commenced before a justice of the peace, and came to the County Court by appeal. Judgment to account was rendered in the County Court, and an auditor was appointed, who reported substantially the following facts:

That the plaintiff's account was for goods delivered by him to one Malinda Larabee, who was at the time a single woman, and an infant under the age of eighteen years, and at the time acted for herself; that the said Malinda was married to Maron Seeley, the defendant, on the first day of January, 1850, and before the commencement of the present suit.

That the defendant, Seeley, had conversations with the plaintiff, both before and after his marriage, concerning the plaintiff's account; and that at the time of his marriage, and when he thus conversed with the plaintiff, the said defendant was a minor; that soon after the marriage, and before the said Maron was twenty-one years of age, he left the said Malinda, and has not since lived with her.

That sometime in the spring of 1850, the said Malinda and one David Horne were married, and that since that time she has lived with said Horne.

That in April, 1851, the said Maron Seeley and the said Malinda, his wife, staid in the same room together four or five nights.

That the said Malinda, wife of the said Maron, was not a party to this suit, except that her name was inserted in the original writ, and a *non est* return was made as to her, and she did not appear. That the counsel for defendant, Seeley, objected to the auditor's

proceeding in the case, for the reason that there was no such cause in court, as *H. T. Cole* v. *Maron Seeley and Wife*, and as proof, introduced in evidence the files of the court.

The auditor also found and reported, that the articles charged in the plaintiff's account were such as a person, in the situation and circumstances of the said Malinda, required, and that she was in want of them, at the time they were delivered.

That if plaintiff, from the facts above, is entitled to recover, then the auditor found due from the defendant to the plaintiff the sum of $32,32; otherwise, for defendant to recover his costs.

The County Court, December Term, 1852,—PIERPOINT, J., presiding,—rendered judgment on the report for the plaintiff.

Exceptions by defendant.

*A. B. Gardner* for defendant.

The husband cannot be sued alone for the debt of his wife contracted before marriage. *Angel* v. *Felton*, 8 Johns. 115. *Mitchinson* v. *Hewron*, 7 Term, 348.

And if sued alone, it is error, for which judgment will be reversed. *Gage* v. *Reed*, 15 Johns. 403.

The wife is considered, by the law, the debtor. Reeves' Domestic Relations, 136, Ib. 68.

The inserting of the names of the husband and wife in the original writ, and then serving it on but one of them, is no joinder of husband and wife. Writs of summons and attachment shall be served, &c. Comp. Stat. Chap. 31, § 16 and 17. And the defendant, on whom process is served, is to be regarded as the only defendant. *Adams* v. *Bliss*, 16 Vt. 39.

A *non est* return on a process negatives the presumption of the service of it, and is the evidence that it has not been served.

The defendant is not liable, because at the time of his marriage with the said Malinda, he was a minor. And because, at the time of the delivery of the goods charged in the plaintiff's account, the said Malinda was a minor. And though the auditor finds that "the articles were such as a person in the situation and circumstances of the said Malinda, required, and that she was in need of them at the time," &c. ; yet they were not necessaries for the defendant; and the measure of his responsibility can be no greater, than for articles not necessaries. Certainly no greater than for

necessaries provided, in order for his own marriage ; and for such, he is not liable. Swift's Dig., 52.

———— ——— for plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. 1. In this case the defence is properly presented before the auditor, as has been often held, in analogous cases. It could not be presented by way of plea, the declaration being general, and the plaintiff not bound by his oyer.

2. The only question properly arising, in regard to the infancy of the parties, being whether the wife, *dum sola,* was liable. If she is, the husband is equally, during coverture, whether infant or adult. She is clearly as liable as before coverture, and the husband equally, without regard to his own infancy. And the account being for necessaries furnished the wife while an infant, she is clearly liable.

3. The suit is like any other joint suit. It must be against both, unless one or the other has abjured the realm, and thus become, as to this jurisdiction, *civiliter mortuus.* In that event, we suppose, the wife even might be sued alone. Our statutes allow this to be shown, by setting it up in the writ, in which case it may probably be denied by plea; and it may also be shown by a *non est inventus* return of the officer, which is held, in our practice, equivalent to the common law outlawry.

Judgment affirmed.